IDELLA A. ROPER *v.* MEMPHIS ST. RY. CO. *et al.*[*]

(*Jackson.*   April Term, 1916.)

1. **RAILROADS. Operation. Regulation. Stopping at crossings.**
 The statute (Shannon's Code, sections 1580, 1581), requiring
   railroads to stop their trains at crossings by other railroads,
   does not require a steam railroad to stop its train at the cross-
   ing of a street car line. (*Post p.* 25.)

 Cases cited and approved:   Betty Hudson Case, 188 S. W., 589.

 Code cited and construed:   Secs. 1580, 1581 (S.).

2. **RAILROADS. Operation. Accidents at crossings. Questions
   for jury.**
 Where there was evidence that a crossing of a railroad track
   by a street car track was in constant use by street cars pass-
   ing at intervals of a few moments, that at the time of the
   accident in question a train of defendant was passing in the
   opposite direction, the smoke and dust of which, to some
   extent, obstructed the vision, and that heavy train of ninety
   cars was driven over the crossing at a high rate of speed
   in the dusk of the evening, without sufficient warning, it was
   error to direct a verdict for the railroad in an action for
   death of a street car passenger in a collision with the train.
   (*Post pp.* 25-27.)

 Case cited and approved:   Memphis St. Ry. Co. v. Cavell, 135
   Tenn., —.

3. **EVIDENCE. Actions for causing death. Earning capacity.**
 In an action for causing death, the admission of testimony as
   to decedent's earning capacity by one who had known dece-
   dent for fifteen years, had employed him, knew his character
   and reputation as a workman, knew him to be a steady,
   healthy, industrious, and capable workman, and the character

---

[*]For authorities on the question of duty and liability imposed
by statute or ordinance on railroad company requiring the stopping
of trains at crossings, see note in 9 L. R. A. (N. S.), 373.

of the building operations in which he was engaged, and had himself been for years engaged in work similar to that done by decedent, was not error. (*Post, pp.* 27-29.)

Cases cited and approved: Burns v. Welch, 16 Tenn., 117; Wray v. Railroad, 113 Tenn., 544.

Case cited and distinguished: Norton v. Moore, 40 Tenn., 480.

4. **APPEAL AND ERROR.** Evidence. Review. **Discretion of trial court.** Qualification of witness.

Whether a witness had experiential capacity to testify as to the earning capacity of decedent was a question within the trial courts discretion, not to be reviewed unless abused. (*Post, pp.* 27-29.)

---

### FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the supreme Court.— BEN L. CAPELL, Judge.

SAMUEL P. WALKER, for plaintiff in error, Memphis St. Ry. Co.

SIVLEY & EVANS and BURCH & MINOR, for plaintiff in error, Ill. Cent. Ry. Co.

RANDOLPH & RANDOLPH, for defendant in error.

MR. HUGHES, Special Judge, delivered the opinion of the court.

This case grows out of a collision between a freight train of the Illinois Central Railroad Company and cars of the Memphis Street Railway Company. R. A. Roper was a passenger upon the street cars, and was killed in the collision. His widow, the plaintiff, Idella A. Roper, brought this action against both companies to recover damages. The general facts are identical with the facts in the Betty Hudson Case, 188 S. W., 589, just decided, and will not be repeated.

The trial court, at the close of the plaintiff's evidence, directed a verdict in favor of the Illinois Central Railroad Company. The trial proceeded as to the street railway, and there was a verdict and judgment against it for $18,500. The court of civil appeals affirmed the judgment as to the street railway company, but reversed and remanded as to the Illinois Central Railroad Company. Each party to the cause comes to this court by *certiorari*.

1. The question as to whether or not the Illinois Central Railroad Company was required by the statute to stop its train at this crossing has been dealt with in the case of *Illinois Central Railroad Company* v. *Betty Hudson,* decided this day, and the decision there controls this case. The Illinois Central was not required by statute to stop its train at this crossing.

2. By the third count of the declaration, the Illinois Central Railroad Company was charged with

negligence at common law. It was alleged, and there was evidence tending to prove, that this crossing was in constant use, by street cars passing at intervals of a few moments; that a train of the same company was then passing in an opposite direction, and the smoke and dust thereof to some extent obstructed the vision; and that a heavy train of ninety cars was driven over this crossing at a very high rate of speed, in the dusk of the evening, without sufficient warning.

The court is unable to say that a jury would not have been justified in finding these facts to be true, and in drawing the inference of negligence therefrom. Such being the state of this record, we hold it was error to direct a verdict for the defendant railroad company. It was for the jury to say, under all the circumstances, whether or not the Illinois Central Railroad Company conformed to that standard of care which the law exacts of every one.

There is no error, therefore, in the judgment of the court of civil appeals, reversing as to the Illinois Central, though in the opinion of the majority of this court a wrong reason was given for reversal.

3. As the action of the circuit court in directing a verdict is held to be erroneous because a case of common-law negligence sufficient to go to the jury was made, we do not pass upon the applicability of the statute requiring the observance of certain precautions when obstructions appear upon the track. The facts are not clear as to whether an obstruction did in fact appear upon the track, under such circum-

stances as to create liability for nonobservance of those precautions. The conductor of the street car appeared upon the track, but he was not struck. Another trial may further clarify this feature of the case, and we leave it to be then dealt with as the exigencies of the case may demand.

4.  All questions made by the Memphis Street Railway Company, except a question of evidence, are settled in *Memphis Street Railway Company* v. *Cavell*, 135 Tenn., 462, 187 S. W., 179.

The street railway company assigns error in respect of the admission of certain evidence of Roper's earning capacity. It is argued that the challenged evidence is opinion evidence, and not admissible in the circumstances.

The rules of evidence in cases of this character are not comparable to the rules applicable to cases of contract. Cases involving lost profits are not in point. The action is brought for the negligent killing of Roper, not for interfering with his business.

The point of inquiry was not what Roper actually earned, but his capacity to earn money. His actual earnings, if capable of proof, shed light upon his earning capacity, but served no other purpose. In considering earning capacity, the jury may look to the past, but their real inquiry is with respect to the future. The witness testifies to a fact which is incapable, ordinarily, of exact statement, even by the person most nearly concerned. His approximation is

not a guess, though the witness may term it so. 3 Chamberlayne Mod. Evidence, sections 1795-1797.

We have a number of cases which illustrate the general class of evidence to which the testimony of Moselage belongs. This court has held that a non-expert witness may give his opinion in testifying with regard to the mental or physical condition of a slave (*Norton* v. *Moore,* 3 Head, 480); the capacity of a sawmill (*Burns* v. *Welch,* 8 Yerg., 117); the damages to real property taken in condemnation proceedings (*Wray* v. *Railroad,* 113 Tenn., 544, 82 S. W., 471); and other like cases. In such cases the witness is required to state his opportunities to acquire knowledge of the fact, and thereafter give his opinion or judgment.

In the illustrative instances given, the witness does not give expert or opinion evidence as such. Judgment founded upon observation and experience is more than mere opinion. As was said by Judge Wright, in *Norton* v. *Moore,* supra:

"It approaches to knowledge and is knowledge, so far as the imperfections of human nature will permit knowledge of these things to be acquired."

Moselage had known Roper for fifteen years, had employed him, knew his character and reputation as a workman, had paid him in one transaction $42 a week in part payment for his services; knew him to be a steady, healthy, industrious, and capable workman, and knew the character of building operations in which Roper was engaged. The witness had the fur-

Roper v. Memphis St. Ry. Co.

ther qualification that he himself had been for years engaged in work similar to that done by Roper. In these circumstances the witness undoubtedly had what Mr. Wigmore calls experiential capacity. Whether he had that capacity or not was, however, a question resting in the trial court's discretion, not to be reviewed here unless abused. 1 Wigmore, Evidence, section 561; 3 Chamberlayne, Mod. Evidence, section 1809.

The evidence of Moselage was admissible. There is no error in the judgment of the court of civil appeals, affirming as to the street railway company.