## STATE, Respondent, v. TROW, Appellant.

### (207 N. W. 466.)

(File No. 5742.   Opinion filed February 24, 1926.)

1. **Criminal Law—Preliminary Hearing—Intoxicating Liquors—Preliminary Examination by County Judge Outside His County, When Called In by Disqualification of Regular Judge, Held Void (Rev. Code 1919, Sec. 4707; Laws 1919, c. 153).**

    Where one accused of manufacturing intoxicating liquor filed affidavit of prejudice against county judge as committing magistrate, and county judge of another county was called in and presided over preliminary examination required by Rev. Code 1919, Sec. 4707, such examination was of no effect, no authority existing for county judge to act as committing magistrate outside his county, and Laws 1919, c. 153, as to disqualification, not including such judge.

2. **Criminal Law—Preliminary Hearing.**

    Preliminary examination is a substantial right under Rev. Code 1919, Sec. 5044, and, unless waived, judgment of conviction, rendered without it, must be reversed.

**3.   Criminal Law—Affidavit of Prejudice.**

Affidavit of prejudice to county judge on preliminary examination should be ignored.

**4.   Criminal Law—Waiver—Right to Preliminary Examination Held Waived, Where Defendant Participated in Error and Made No Objection.**

Where defendant, on preliminary examination, filed affidavit of prejudice to county judge, asked that another be substituted, which was done, and appeared before him without objection, whereupon testimony was taken, and he was bound over, he waived his right to any other preliminary examination, though this was void, because substituted judge was without his jurisdiction.

Appeal from Circuit Court, Beadle County; Hon. M. Moriarty, Judge.

L. W. Trow was convicted of manufacturing intoxicating liquor, and he appeals. Affirmed.

*James Byrnes,* of Huron, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Brief Attorney, of Pierre, for the State.

(1) To point one of the opinion, Respondent cited: State v. Sonnenschein, 37 S. D. 139.

(2) To point two, Appellant cited: People v. Evans (Mich.) 40 N. W. 473.

GATES, P. J. Appeal by defendant from judgment on conviction of manufacturing intoxicating liquor in Beadle county and from an order denying new trial.

[1] The preliminary complaint was filed before the county judge of Beadle county as committing magistrate. Defendant filed an affidavit of prejudice against said judge, in which the judge of the county court of another county was requested to be called in place of the county judge of Beadle county. Pursuant thereto the county judge of Beadle county called in the county judge of Hand county, and he presided in Beadle county over the purported preliminary examination of defendant. Defendant was held to answer. An information was filed. Thereafter by motion to quash the information heard before and denied by Judge Taylor, and by objection to the introduction of evidence at the time of trial before Judge Moriarty, the defendant raised the question that he had never had a preliminary examination. Such an examination is a

prerequisite to the filing of an information in the circuit court, unless waived, or unless it is a case of a fugitive from justice. Rev. Code 1919, Sec. 4707. Except i nthe case of a justice of the peace, there is no provision of statute authorizing the filing of an affidavit of prejudice before a committing magistrate. Rev. Code 1919, Sec. 4422; State v. Ferguson, 204 N. W. 652, 48 S. D. 346.

Chapter 153, Laws 1919, makes provision for the calling in of the circuit judge, or the county judge of another county within the circuit, whenever the county judge is disqualified by the operation of section 2256 or section 3175, Rev. Code 1919. Those are the only cases in which substitution for disqualification is authorized, and manifestly the alleged disqualification of the county judge as a committing magistrate does not come under either of those sections. Said chapter 153 also further provides for the like substitution:

"Whenever he is unable to act because of the existence of any of the circumstances specified in section 5199 of said Code."

Disqualification is not embraced therein nor in section 5199. But, even if it was, no authority is vested in one county judge to call in another. The matter is to certified to the circuit judge to act or to call another county judge. Chapter 153, Laws 1919. No authority existing for a county judge to act as a committing magistrate outside his county, the conclusion necessarily follows that the acts of the county judge of Hand county in this case were void and of no effect. It therefore necessarily follows that defendant did not have a preliminary examination. Section 5044, Rev. Code 1919, referring to the duty of this court on appeal says:

"After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

[2] The right to a preliminary examination is a substantial right. Therefore, unless the conduct of appellant is held to amount to a waiver of a preliminary examination the judment must be reversed.

[3, 4] But the Attorney General urges that no prejudice is shown, that the error was committed at the instigation of, and as a courtesy to, the defendant, and that defendant should be held to have waived preliminary examination. Defendant had no right

to file an affidavit of prejudice. It was the duty of the county judge of Beadle county to ignore the same and proceed to the preliminary examination. State v. Ferguson, supra. Defendant did not content himself with merely asserting the prejudice of the county judge, but specifically asked that the county judge of another county be called in as a substitute judge. This favor was granted. He then appeared before the substitute judge without objection, testimony was taken, he was bound over, and gave bond for his appearance. This occurred on April 20, 1923. The information was filed June 11, 1923, whereupon defendant filed the motion to quash, having apparently for the first time discovered that the purported preliminary examination was void. We are inclined to the view that the error made at defendant's solicitation, and in which he participated without objection, amounted in law to a waiver of a preliminary examination.

"One who invites or brings error into a case cannot thereafter be heard to complain thereof." Daudel v. Wolf, 138 N. W. 814, 30 S. D. 409; Speer v. Phillips, 123 N. W. 722, 24 S. D. 257; Re Jones, 90 Mo. App. 318.

We have examined the other assignments of error, and find no'hing novel or prejudicial nor justifying comment in the opinion.

The judgment and order appealed from are affirmed.

Note.—Reported in 207 N. W. 466. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 207(4), 16 C. J. Sec. 570; (2) Criminal law, Key-No. 223, 16 C. J. Sec. 557, 17 C. J. Sec. 3750; (3) Criminal law, Key-No. 230, 16 C. J. Sec. 569; (4) Criminal law, Key-No. 225, 16 C. J. Sec. 565.