LEN J. DAVIS V. STATE OF NEBRASKA.

FILED JUNE 18, 1931. No. 27775.

400

*Waring & Waring, Stiner & Boslaugh* and *Edmund Nuss,* for plaintiff in error.

*C. A. Sorensen, Attorney General, L. R. Newkirk* and *Clifford L. Rein, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ.

ROSE, J.

In a prosecution by the state in the district court for Fillmore county, Len J. Davis, defendant, was convicted of embezzling on July 8, 1927, 41 notes and $7.76 in money, property of the Citizens State Bank of Geneva of which he was at the time vice-president and manager. The debts evidenced by the notes aggregated $7,897.42. The interest on the notes amounted to $204.04. These two items and $7.76, or $8,109.22, made the amount of the entire embezzlement charged. Defendant pleaded not guilty. Upon a trial the jury rendered a verdict against him and the district court sentenced him to serve in the penitentiary a term of not less than five nor more than ten years. As plaintiff in error he presented to the supreme court for review the record of his conviction.

The first assignment of error for consideration is that defendant was deprived of his fundamental right to a preliminary examination. By proper pleas, objections and exceptions the question thus raised is properly presented by the record for review and requires an examination of a previous charge against defendant, his conviction thereunder and the reversal of his former sentence. The history of the earlier prosecution is published in *Davis v. State,*

118 Neb. 828. The opinion therein shows that defendant was first accused in the following language of embezzling money of the Citizens State Bank of Geneva:

"That on or about the said 8th day of July, 1927, the said Len J. Davis, in said county and state aforesaid, did fraudulently, unlawfully and feloniously abstract, convert to his own use, and embezzle certain moneys, funds and credits, the property of said bank, in the sum of $8,101.46, said property being in his possession as such vice-president of said bank, without authority of the directors of said bank, and with the intent on the part of the said Len J. Davis to injure and defraud said Citizens State Bank of Geneva, Nebraska."

The amount of embezzled "moneys, funds and credits," as stated in the first made charge, was $8,101.46, or $7.76 less than the amount stated in the second and present information. Embezzlement of money only was first charged. At the former trial evidence adduced by the state was directed to embezzlement or abstraction and conversion of 41 notes. Embezzlement or abstraction and conversion of notes were not stated with sufficient particularity to protect defendant's constitutional right to be informed before trial with reasonable certainty of the property involved in the felonious act charged, since the words "funds and credits," in the connection used in the first information, were insufficient for that purpose. In the former prosecution the state failed to prove embezzlement of money; failed to charge embezzlement of 41 notes or any note; failed to prove defendant embezzled or abstracted and converted 41 notes or any note. For these fatal defects in the former prosecution the first sentence was reversed. *Davis v. State,* 118 Neb. 828.

After the case was remanded to the district court, defendant was accused in another information of embezzling 41 particularly described notes and $7.76 in money. The two informations did not charge one and the same felony. For the purposes of an information in a criminal prose-

cution, the charge that accused embezzled money is not a sufficient charge that he embezzled notes. *Stowe v. State,* 117 Neb. 440; Davis v. State, 118 Neb. 828. Defendant did not have or waive a preliminary examination on the charge in the second information that he embezzled or abstracted and converted 41 notes, though he demanded that fundamental right which he preserved throughout the trial. The embezzlement of $7.76 in money was not proved. The sentence for the embezzlement of notes therefore was prejudicially erroneous for want of a preliminary examination and cannot be permitted to stand.

Owing to the insufficiency of the evidence to sustain a conviction for the embezzlement or abstraction and conversion of any note or notes, the case will not be remanded for a new trial. The evidence herein shows that the 41 notes described in the second information were taken out of the Citizens State Bank of Geneva in a banking transaction approved by its board of directors for the bank's benefit without any intention of defendant to defraud the bank. The state was unable, in two trials, after long preparation, to disprove this defense. The judgment of the district court is therefore reversed and the prosecution dismissed.

REVERSED AND DISMISSED.