MARVIN HERBERT BAGGETT, Alias, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

421 S.W.2d 629.

(*Knoxville,* September Term, 1967.)

Opinion filed November 27, 1967.

DOUGLAS A. MEYER, Chattanooga, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and ROBERT F. HEDGEPATH, Assistant Attorney General, Nashville, for defendant in error.

Mr. Justice Humphreys delivered the opinion of the Court.

Baggett was indicted, tried and convicted of robbery with the use of a deadly weapon, with his punishment fixed at confinement for not more than fifteen years in the State Penitentiary. He has appealed and assigned two errors:

1. That the verdict is contrary to the law and the evidence;

2. That the trial court erred in refusing to allow Dennis Mahoney to testify as an expert witness on alcoholism.

The State's evidence is to the effect that on May 24, 1966, about 5:30 P.M., defendant entered Sam's Liquor Store, and approached John M. Crowe, the owner and operator, and lifted a revolver and said to Crowe, "This is a stickup." Mr. Crowe raised his hands into the air, and defendant motioned with his gun toward the cash register. Whereupon, Crowe removed the money from the cash register and laid it upon the counter, asking defendant if he wanted the checks in the cash register. Defendant said he did not want the checks, picked up the money and walked to the door and said, "Don't come out the door after me." Mr. Crowe said the gun was pointed at his stomach and that he was very much afraid, nevertheless, he went to the door and saw defendant drive

away in an old car from which the license had been removed. After defendant left, Crowe determined that $481.66 had been taken, and phoned the police, giving a description of defendant, and his automobile.

Mr. Crowe testified defendant had been drinking and that his eyes were glassy, but that "he walked fine".

Motorcycle patrol officer Joe Hobbs, with the Chattanooga Police Department since 1959, received information from his dispatcher of the robbery and a description of defendant and his automobile. Cruising in the area, Hobbs located defendant's car parked at a restaurant. When he entered the restaurant he asked the manager who owned the black Chevrolet parked outside and at that time defendant got up from the bar and started toward the rest room. Recognizing him from Mr. Crowe's description, he stopped him, placed him under arrest, and upon taking him outside the restaurant, searched him and found a loaded .22 pistol in his right front pocket and $437.00 wadded up in his left front pocket. Hobbs said that at the time of the arrest, approximately an hour and a half after the robbery, he smelled alcohol on defendant's breath but that he was not drunk. Defendant told Hobbs he had been drinking and his wife was pregnant and he needed the money. About two hours later in the evening, defendant was questioned by L. P. Schoocraft, a detective for the Chattanooga Police Department, to whom, after being fully advised of his constitutional rights, (about which there is no question —either at the trial or here), defendant gave a written, signed statement, in which he said that he left home about 5:30 P.M. on that day, bought some whiskey which left him broke, began to think about the doctor bills he was facing as his wife was pregnant. That he then went

to Sam's Liquor Store, went inside and when the man there asked him what he wanted, he told him he wanted his money. At the time, defendant said he was holding a .22 caliber pistol on the man in the store. Defendant said that, holding up one hand, the storekeeper got the money from the cash register with the other, and that he took it and left the store, got in his automobile, and drove to a service station. There, he asked the attendant to put the license plate on his car which he had taken off prior to the robbery. He then went to the restaurant where he was arrested. Mr. Schoocraft was of opinion defendant had been drinking before he talked to him, but that he was not drunk.

Defendant testified in his own behalf that he had drunk a large quantity of moonshine whiskey on the day of the robbery and after consuming all he had, he took his father's pistol from the house intending to pawn it to get money for more whiskey. In the course of trying to do this, in which he was unsuccessful, a bootlegger did let him have a pint of liquor on credit, which he drank. That he then went to Sam's Liquor Store intending to leave the pistol with him for a pint of whiskey or pawn it to him for some money and buy some whiskey. That when he pulled the pistol out of his pocket Crowe raised his hands, and he said, "Well, this is a holdup." He then took the money which Crowe had taken out of the cash register and ran out and jumped in his car, and went to the place where he was arrested, and started drinking again.

Defendant called one Dennis Mahoney as an expert on the disease of alcoholism, but the trial judge declined to allow the witness to testify as the witness was not acquainted with defendant, and knew nothing about his

condition; was not a medical expert, knowing of alcoholism only by reason of his personal experience as an alcoholic, and from lectures attended on the subject; and because the witness was only called to testify generally with respect to alcoholism and not to answer specifically any questions relating to the alcoholism of defendant, either the extent of it or the degree of control of himself the defendant might have.

Defendant also introduced evidence by his wife and himself that he had been arrested for public drunkenness on a number of occasions, and that in his own opinion and that of his wife he was an alcoholic.

Defendant's argument on the first assignment of error is that as an alcoholic he was involuntarily intoxicated on the day of the robbery, and so the essential element of voluntariness in the commission of the crime is missing.

But we cannot sustain this contention. The issue as to the defendant's state of intoxication was raised by the proof, and was presumptively submitted to the jury by a proper charge (we say presumptively as the charge is not included in the bill of exceptions, nor in the record before us) and the jury found this issue against defendant. And, on the record, the evidence does not preponderate against the jury's finding.

In 22 C.J.S. Criminal Law sec. 69, we find the following:

"The rule, considered supra sec. 66, that drunkenness does not exempt one from criminal responsibility does not apply where one involuntarily becomes drunk by being compelled to drink against his will, or through another's fraud or stratagem, or by taking

liquor prescribed by a physician, although it has been held that involuntary intoxication, to afford a defense to a criminal charge, must affect the reason of an accused to the extent of depriving him of the understanding and appreciation of the nature and consequences of his act.

To constitute involuntary intoxication within the rule making such intoxication an excuse for what would otherwise be crime, the influence inducing accused to drink must be such as to preclude his exercise of independent judgment and volition, as by fraud or duress; and, in the absence thereof, an accused may not successfully plead involuntary intoxication because he drank at the request or suggestion of another, as where the liquor was furnished accused by, or at the request of, the person against whom the crime was committed, or because he drank to relieve physical pain, or from an uncontrollable desire caused by long indulgence of the appetite.'' 22 C.J.S. Criminal Law sec. 69, pp. 220-221

Assuming arguendo that a confirmed alcoholic does get drunk involuntarily, this would not afford defendant a defense in this case as it is obvious from the proof that his state of intoxication did not affect his reason to the extent of depriving him of the understanding and appreciation of the nature and consequences of his act. This is made manifest by the precautions he took. First, although he claims to be an alcoholic, and so must have done business from time to time with liquor stores in Chattanooga, he chose to rob a store whose proprietor was not acquainted with him. When in the course of the robbery he was asked whether he wanted the checks as well as the cash, he quite sensibly declined to clutter up

his haul by checks, which might incriminate him, and which would have to be disposed of. Before robbing the store, he thoughtfully removed the identifying license plates from his automobile, and as soon as the robbery was over went immediately to a service station and had them put back on so he would not be picked up for driving an unlicensed vehicle. When the arresting officer inquired in the restaurant about the owner of the automobile parked outside, the defendant had presence of mind enough to try to evade questioning by retiring to the men's room. After his arrest, defendant made no claim that he was intoxicated beyond the point of knowing the nature and consequences of his act, nor did he do so two hours later when questioned at the jail, but laid the fault on his impoverished condition and his wife's pregnancy.

Finally, we are not satisfied from the record that defendant is in fact a compulsive alcoholic to the extent he claims and in the sense which would make alcoholism on his part purely involuntary. It appears from the record that, although defendant drinks excessively, and unquestionably is a week-end drunkard, he manages to sober up by Monday morning and to remain sober enough during the week to hold a job as a warehouseman.

These facts indicate defendant is a voluntary rather than an involuntary alcoholic.

■■■ The second assignment relating to the exclusion of expert testimony is overruled on the grounds on which the trial judge excluded the testimony in the first instance, which we have mentioned. And on the further ground that the admitted discretion of a trial judge has to allow or exclude such testimony is not reviewable by this Court except where arbitrarily exercised, which was

not done in this case. *Powers v. McKenzie,* 90 Tenn. 167, 16 S.W. 559; *Bruce v. Beall,* 99 Tenn. 303, 41 S.W. 445; *Roper v. Memphis State Ry. Co.,* 136 Tenn. 23, 188 S.W. 588.

All assignments are overruled, and the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.