### 19533

The STATE, Respondent, v. Donald WHEELER, Sr., and Donald Woodrow Erwin, Appellants.

(193 S. E. (2d) 515)

*Messrs. H. R. Swink* and *Wesley L. Brown,* of Gaffney, for *Appellants,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair,* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, and *John H. Nolen, Sol.,* of Spartanburg, *for Respondent,*

December 11, 1972.

Moss, Chief Justice:

The office of Gettys Lumber Company, Inc., in Gaffney, South Carolina, was broken into on January 25, 1970, a safe therein opened and money in the sum of approximately $138.00 and valuable papers were taken therefrom. Shortly thereafter, Donald Wheeler, Sr., and Donald Woodrow Erwin, the appellants herein, were arrested and charged with safecracking, housebreaking and grand larceny in connection therewith.

The record shows that, pursuant to a verbal request of the appellants, a preliminary hearing was held by a magistrate of Cherokee County. Prior to such hearing, the appellants were advised of their rights and they affirmatively waived their right to counsel. The appellants were present at this preliminary hearing, cross examined the witnesses presented in support of the aforesaid charges and made arguments in their behalf. The appellants did not testify at this hearing. At the close of this preliminary hearing the magistrate took the case under advisement.

The appellants were taken before the Clerk of the Court for Cherokee County for the purpose of having lawyers appointed to represent them if they were indigent. According to the testimony of the Clerk and the Sheriff of said county, the appellants were advised of the charges and of their right to have counsel represent them. They declined the offer of appointed counsel and chose to represent themselves.

The magistrate before whom the preliminary hearing was held, by affidavit, dated March 4, 1971, stated that "after due deliberation probable cause was found by me and the subject cases against the stated defendants were forwarded to the grand jury for proper disposition." No contrary showing was made by the appellants.

In late February and early March of 1970, counsel was appointed for each of the appellants. A General Sessions Court was convened in Cherokee County on March 16, 1970, and an indictment was presented to the Grand Jury and a true bill thereon returned, charging the appellants with the offenses above stated. At this term of court the trial of the case was continued on motion of the appellants.

The appellant Donald Woodrow Erwin escaped from the Cherokee County jail after the continuance was granted. The other appellant was released on bond on another charge and absconded. Thereafter, the appellant Erwin was captured in Virginia, and the appellant Wheeler was taken into custody in Flint, Michigan, and both were returned to the Cherokee County Jail to await trial.

The attorneys for the appellants filed, on February 23, 1971, a demand for a preliminary hearing which was denied. On the same date the appellants served a notice of a motion for an order quashing the indictment on various grounds arising out of the preliminary hearing. The trial judge, after a full hearing, denied the motion to quash.

The appellants were tried at the 1971 March Term of the Court of General Sessions for Cherokee County on the charges of housebreaking and grand larceny, the safecracking charge having been dropped. At the close of the evidence in behalf of the State a motion for a directed verdict in favor of the appellants was made and denied. The appellants offered no evidence and the case was submitted to the jury and a verdict of guilty of housebreaking and grand larceny was returned against both appellants. The appellants made a motion for judgment *non obstante veredicto,* and in the alternative, for a new trial. These motions were denied and this appeal followed.

The first question for determination is whether the trial judge erred in finding that the appellants had been afforded a preliminary hearing and in failing to quash the indictment on the ground that the appellants were denied due process

of law by reason of the fact that they were not afforded a preliminary hearing.

Pursuant to Section 43-232 of the 1962 Code of Laws, a defendant charged with crimes beyond the magistrate's jurisdiction is entitled to a preliminary hearing if timely demand is made in writing in accordance with the statute. Failure to conduct such hearing, properly demanded, deprives the Court of General Sessions of jurisdiction to indict or try the defendant. *State v. Flintroy*, 178 S. C. 89, 182 S. E. 311; *State v. Adcock*, 194 S. C. 234, 9 S. E. (2d) 730; *Blandshaw v. State*, 245 S. C. 385, 140 S. E. (2d) 784; *State v. Sanders*, 251 S. C. 431, 163 S. E. (2d) 220; and *State v. Funderburk*, S. C., 191 S. E. (2d) 520.

The only conclusion that can be reached from the record before us is that the appellants made a verbal request for a preliminary hearing and such was held by a magistrate of Cherokee County. The appellants participated in this preliminary hearing by cross examining the witnesses presented against them and making arguments in their own behalf. It further appears without contradiction that, even though the magistrate took under advisement the question of whether probable cause had been made out, he later found probable cause and transmitted the case to the Court of General Sessions for submission to the grand jury.

The provisions of Section 43-232 which preclude the acquisition of jurisdiction by the Court of General Sessions until after a preliminary hearing is held is conditioned upon the demand for such hearing in writing at least ten days before the convening of the next Court of General Sessions. It is only where timely demand has been made for a preliminary hearing that acquisition of jurisdiction by the Court of General Sessions is delayed. If we should hold that the hearing before the magistrate which was held on January 28, 1970, was not in fact a preliminary hearing, then the position of the appellants fails for the rea-

son that they did not demand such a hearing in writing at least ten days before the convening of the Court of General Sessions for Cherokee County which occurred on March 16, 1970. One may waive the right to a preliminary hearing by simply failing to ask for it in the manner required by Section 43-232 of the Code.

At the time the appellants were indicted by the Grand Jury of Cherokee County, on March 16, 1970, for housebreaking and grand larceny, a preliminary hearing in South Carolina was not a critical stage of criminal proceedings. *State v. White,* 243 S. C. 238, 133 S. E. (2d) 320; and *State v. Sanders,* 251 S. C. 431, 163 S. E. (2d) 220. However, the United States Supreme Court, on June 22, 1970, in *Coleman v. Alabama,* 399 U. S. 1, 90 S. Ct. 1999, 26 L. Ed. (2d) 387, held that a preliminary hearing is a critical stage in the criminal process, and that when there is a preliminary hearing an accused is entitled to the aid of counsel: In *State v. Taylor,* 255 S. C. 268, 178 S. E. (2d) 244, we recognized the rule announced in the *Coleman* case that a preliminary hearing is now a critical stage in a criminal proceeding and that an accused is constitutionally entitled to the assistance of counsel. In *Adams v. Illinois,* 405 U. S. 278, 92 S. Ct. 916, 31 L. Ed. (2d) 202, the United States Supreme Court held that the rule announced in *Coleman* did not have retroactive application and did not apply to proceedings held prior to June 22, 1970.

We conclude that the trial judge committed no error in finding that the appellants had been afforded a preliminary hearing nor was there any error in failing to quash the indictment on the ground that they were denied due process of law by reason of the fact that they were not afforded a preliminary hearing.

The only other question presented for the decision is whether the trial judge erred in refusing to grant the motion of the appellants for a directed verdict on the ground that the evidence was insufficient to support a guilty verdict.

In deciding whether the court erred in not directing a verdict in favor of the appellants, we must view the testimony in the light most favorable to the State. When a motion for a directed verdict is made, the trial judge is concerned with the existence or nonexistence of evidence, not with its weight, and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury if there is evidence, either direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced. *State v. Jordan,* 255 S. C. 86, 177 S. E. (2d) 464.

Where circumstantial evidence is relied upon by the State in a criminal case, there must be positive proof of facts and circumstances which, taken together, warrant inference of guilt to a moral certainty, to the exclusion of any other reasonable hypothesis. If there is any evidence tending to support an inference of guilt, the court must submit the issue to the jury. *State v. McIver,* 238 S. C. 401, 120 S. E. (2d) 393.

A highway patrolman testified that on Sunday night, January 25, 1970, he noticed a dark green Chevrolet automobile with Tennessee license plates OW 2383 parked near the place of business of Gettys Lumber Company. There was no one in the automobile but he saw two men, whom he could not identify, walking in the direction of the place of business of Gettys Lumber Company. He reported this information to the Sheriff of Cherokee County. The Sheriff testified that immediately upon receiving the above information he, with another officer, drove to the Gettys Lumber Company, checked the doors and found them locked and everything in order. Shortly thereafter, they saw a dark green Chevrolet with Tennessee license plates OW 2383 parked at a residence less than one-half mile from Gettys Lumber Company. At this house they observed three men standing around a fire in the yard. He identified all three men, two of whom were the appellants. The Sheriff further

testified that they drove back to town and stopped at a restaurant and while there observed the same Chevrolet automobile go by and recognized Donald Wheeler as the driver thereof. The car was headed in the direction of the street on which the Gettys Lumber Company office was located. The Sheriff testified that he then rode past the Gettys Lumber Company place of business and, without leaving the car, looked the building over and found nothing awry. As they circled the block, they again encountered this same Chevrolet heading in the direction of Gettys Lumber Company. The Sheriff proceeded up the street, turned around and again rode past Gettys Lumber Company. At this time he saw the Chevrolet backing up to the door of the office of Gettys Lumber Company, driven at the time by Donald Wheeler and with Donald Erwin outside the car walking directly towards the door of Gettys Lumber Company.

The Sheriff further testified that after making the above observation he and the other officer drove on up the street and waited several minutes and then went back to the Gettys Lumber Company office expecting to find the Chevrolet automobile there and the appellant inside the office. Instead, the office had already been broken into and robbed and the car was gone. He observed various papers strewn from the office out to the street and upon entering the office found the door open, the safe closed and various papers on the floor. He tried the safe's handle and it opened. It had been ransacked and one of the drawers thereof was missing. The Sheriff put out a bulletin, and the appellants, in the described Chevrolet automobile, were apprehended shortly thereafter by the county police.

The next morning the Sheriff went to the scene where he had observed the appellants standing around the fire and saw the image of a box that had been burned, the outline thereof being plain. The box appeared to be approximately four inches by eight or nine inches long. Particles of this object were gathered and preserved, and a drawer of corresponding size to the one taken from the safe the night

before was obtained. The gathered ashes and the drawer from the safe were sent through the South Carolina Law Enforcement Division to Washington for testing by the Federal Bureau of Investigation. A wood analyst of the FBI testified that he received the aforesaid ashes and drawer and personally analyzed both, finding the ashes to contain pieces of charred yellow poplar wood and the corresponding drawer to be constructed of yellow poplar wood.

It is our conclusion that the circumstances heretofore related, when taken together, were sufficient to warrant an inference of guilt. This required the trial judge to submit the issue to the jury. There was no error in so doing.

The exceptions of the appellants are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.