21322

The STATE, Respondent, v. Carey Eugene SIMPSON, Appellant.

(272 S. E. (2d) 431)

*George W. Speedy,* of *Furman & Speedy,* Camden, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Kay G. Crowe* and *Lindy Pike Funkhouser,* and *Sol. James C. Anders,* Columbia, *for respondent.*

November 10, 1980.

LITTLEJOHN, Justice:

Carey Eugene Simpson was found guilty of possession of marijuana with intent to distribute, and he appeals. We affirm.

On March 17, 1979 appellant landed a twin-engine Cessna 421 aircraft at the Camden airport in Kershaw County, left the plane in the hands of the airport manager and checked into a local motel to spend the night. SLED agents who had been monitoring the plane's activity[1] peered through an exposed window and observed marijuana residue on the floor and seats of the airplane.

A search warrant was obtained and a small quantity of substance[2] vacuumed from the interior of the craft. Appellant was subsequently arrested at the motel. A search incident to the arrest turned up no contraband, but aeronautical maps, a passport, notebook, credit cards and other items were recovered and later introduced at trial.

The State's case consisted of direct evidence that appellant maintained dominion and control over the aircraft and

---

[1] The craft entered the continental United States that morning without clearing customs, appearing on and off the radar screen. The United States Air Force was able to obtain positive number identification of the plane.

[2] At trial the State introduced 3.47 grams of marijuana leaf and seeds.

thus constructive possession of the marijuana recovered, *State v. Brown,* 267 S. C. 311, 227 S. E. (2d) 674 (1976); *see, also, State v. Halyard,* S. C., 264 S. E. (2d) 841 (1980), and circumstantial evidence that the plane had been used in a drug-smuggling operation[3]. A law enforcement expert in the field of smuggling operations opined a large quantity of marijuana had been transported by and unloaded from the craft with only the telltale residue remaining.

Appellant moved for a directed verdict of acquittal on the ground no substantial evidence was presented he intended to distribute the small quantity recovered from the plane.

Conviction of possession with intent to distribute does not hinge upon the amount involved. The amount involved in this case merely meant that the State could not rely upon the statutory presumption. Inasmuch as the defendant offered no evidence, the ruling of the trial judge and of this court must depend upon evidence submitted by the State. While the evidence is susceptible of more than one reasonable inference, we cannot say that it is insufficient to warrant a conviction.

It is elementary that in determining whether the lower court should have granted a motion for a directed verdict of acquittal, the evidence must be viewed in the light most favorable to the State. In *State v. Chandler,* 267 S. C. 138, 226 S. E. (2d) 553 (1976), we said:

"When a motion for a directed verdict is made, the trial judge is concerned with the existence or nonexistence of evidence, not with its weight, and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury if there is evidence, either direct or circumstantial, which reasonably tends to prove the guilt of

[3] In addition to the marijuana residue found in the plane and the maps, etc., recovered, two of the seats were missing from the interior and there were grass stains and pit marks on the propellers.

the accused or from which guilt may be fairly and logically deduced. *State v. Wheeler*, 259 S. C. 571, 193 S. E. (2d) 515 (1972) ; *State v. Jordan*, 255 S. C. 86, 177 S. E. (2d) 464 (1970)."

On this appeal the burden of showing that the lower court erred is upon the appellant. He has failed to carry the burden, and we hold that the facts made issues for determination by the jury and should not have been ended as a matter of law by the judge.

Accordingly, the conviction is sustained and the lower court is

Affirmed.

LEWIS, C. J., and NESS and HARWELL, JJ., concur.

GREGORY, J., dissents.

GREGORY, Justice: (dissenting).

I respectfully dissent.

The only issue is whether there exists any competent evidence, direct or circumstantial, which reasonably tends to establish appellant's intent to distribute marijuana in Kershaw County. I find none whether our traditional "any evidence" standard of review is applied, see *State v. Halyard*, S. C., 264 S. E. (2d) 841 (1980), or the recently enunciated federal standard of review is used, *i. e.*, whether any rational trier of fact, when viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime present beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307, 99 S. Ct. 2781, 61 L. Ed. 560 (1979). Accordingly, I would reverse the trial judge for his failure to direct a verdict of acquittal.

It can be inferred from the circumstances appellant at one time had in his possession, aboard the aircraft, a large quantity of marijuana. And I have no quarrel with the further logical inference he intended to distribute the contraband.

But when appellant off-loaded the marijuana his intent to distribute came to fruition and vanished with the contraband. Where that occurred we know not, but there is simply no evidence in this record it took place in Kershaw County. On the contrary, the evidence is conclusive that the contraband was disposed of *before* the plane landed at the Camden airport. The record is barren of evidence the aircraft touched down at any other spot in Kershaw County prior to landing at the Camden airport or that appellant was in possession in Kershaw County of more than the 3.47 grams of marijuana leaf and seeds introduced at trial.

Even assuming the circumstantial and opinion evidence of a smuggling operation was admissible against appellant, one cannot reasonably infer he intended to gather and distribute the less than one-seventh of an ounce of spilled marijuana leaf and seeds from the carpet and seats of the aircraft after having dumped his cargo of smuggled marijuana elsewhere. The State's own witnesses testified such a small amount of residue would not be vacuumed for distribution by smuggling operatives.

We have consistently held a case must not be submitted to the jury where the evidence raises mere suspicion of guilt. See Cases collected in West's South Carolina Digest, *Criminal Law,* at Key Nos. 741(1) and 753(2).

"When a motion for a directed verdict is made the trial judge is concerned with the existence or nonexistence of evidence, not with its weight. It is his duty to submit the case to the jury, if there is any evidence, either direct or circumstantial which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced. However, the motion for a directed verdict should be granted where evidence merely raises a suspicion of guilt, or is such as to permit the jury to merely conjecture or to speculate as to the accused's guilt." *State v. Brown,* 267 S. C. 311, 227 S. E. (2d) 674, 677 (1976).

See also *State v. Smith,* S. C., 266 S. E. (2d) 422 (1980). In my view the conviction affirmed by the majority today was for the possession and distribution in Kershaw County of that speculative but unknown quantity of marijuana which was the subject of much surmise and conjecture by the State's experts[1]. The record is not only without any evidence the offense took place in Kershaw County but clearly establishes that it did not. The appellant may be guilty of the offense elsewhere, but not in Kershaw County. I would reverse appellant's conviction for possession of marijuana with intent to distribute in Kershaw County.

---

[1] The offense of possession of marijuana was not at issue at trial.