**Richmond**

PAUL DANIEL STANLEY, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0077-88-2

Decided July 1, 1991

---

COUNSEL

Elizabeth Dashiell Scher (Morchower, Luxton and Whaley, on briefs), for appellant.

Thomas D. Bagwell, Senior Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellee.

---

OPINION

**KEENAN, J.**—Paul Stanley was convicted in a bench trial on one count of possession with the intent to distribute cocaine. The sole issue presented on appeal is whether the evidence introduced at trial that Stanley possessed drug paraphernalia containing cocaine residue and records consistent with the distribution of cocaine is sufficient to support a conviction of possession with intent to distribute. We find that it is not and, accordingly, reverse Stanley's conviction.

On the evening of June 16, 1987, officers of the Henrico County police department conducted surveillance of an automobile parked at the Fox Rest Apartments. The officers had received information from a confidential informant that Stanley, a probation violator, possessed cocaine and would be getting into the car. Shortly after their arrival, the officers observed Stanley and a companion leave the alcove of the apartment complex. Stanley was carrying a small travel bag, which he put into the car. Both men then got into the car and drove off.

Two other officers intercepted the car within a mile of the apartment complex. When Stanley was unable to produce a driver's license, one of the officers conducted a DMV check which indicated that Stanley's license had been suspended. Stanley was then placed under arrest. Stanley's companion was also arrested after the other officer discovered a film canister containing suspected cocaine during a pat-down search.

The officers then conducted an inventory search of the vehicle, including the bag which Stanley had placed in the car.[1] In the bag, the officers found a triple beam balance scale and a plastic straw, both of which contained cocaine residue. The officer also found Inositol powder, glassine type bags and cut twist ties, caps from hypodermic needles, an envelope labelled "Cocaine Importing Company of Miami, Florida," and account papers and ledgers. At trial, the Commonwealth introduced evidence that Inositol powder is commonly used by street dealers to cut cocaine, that the papers appeared to be ledgers of drug transactions, and that the glassine bags and twist ties were used to package cocaine for distribution.

■ Initially, we note that Stanley does not challenge the sufficiency of the evidence with regard to possession of cocaine. The only issue before us is whether the evidence was sufficient to establish the greater offense of possession of cocaine with the intent to distribute. In determining whether a defendant is guilty of possession with the intent to distribute, the trier of fact is entitled to weigh all the circumstances in a given case. *Adkins v. Commonwealth*, 217 Va. 437, 439-40, 229 S.E.2d 869, 871 (1976). The quantity of narcotics possessed is only one factor to be considered. *Hunter v. Commonwealth*, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973). Thus, a conviction for possession with the intent to distribute may be upheld even though the quantity of drugs seized is consistent with personal use. *See, e.g., Colbert v. Commonwealth*, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978); *Hambury v. Commonwealth*, 3 Va. App. 435, 438, 350 S.E.2d 524, 525 (1986).

■ The question before us, however, is whether an individual actually possessing only a residue of a controlled substance may be convicted of possession of that controlled substance with the intent to distribute. Possession with intent to distribute is a crime which requires "an act coupled with a specific intent." *Adkins*, 217 Va. at 440, 229 S.E.2d at 871. We hold that for a defendant to be convicted of possession of a controlled substance with the intent to distribute, the Commonwealth must prove that the defendant possessed the controlled substance contemporaneously with his intention to distribute that substance.

---

[1] Stanley does not challenge on appeal the validity of either the stop or the search and accordingly we make no determination on those issues.

In the case before us, no evidence was presented to support an inference that Stanley intended to distribute the residue found in his possession. To the contrary, the quantity of residue found in Stanley's possession was too small to be distributed. Assuming that the trier of fact could infer from the evidence introduced at trial that Stanley had in the past distributed cocaine, there was no basis on which the trier of fact could infer that the residue introduced at trial was part of that larger supply. Moreover, no evidence was presented as to when or where the supply had been either possessed or distributed. Because we find that the Commonwealth failed to prove contemporaneous possession and intent to distribute, Stanley's conviction must be reversed.

We find that this case is distinguishable from the decisions in *Colbert* and *Hambury*, since in those cases, the amount of controlled substance seized from the defendant was large enough to be distributed, although not large enough, standing alone, to raise a presumption that the drugs were possessed with the intent to distribute. In addition, in those cases evidence was introduced to establish that the drugs seized were part of a larger amount which the defendant had distributed.

In *Colbert*, the defendant was arrested in a parking lot during a rock concert. A search of his truck yielded a styrofoam container which contained five "nickel" bags of marijuana totalling 54.2 grams. In addition, several hundred dollars in small bills were found stuffed in the defendant's pockets. The Supreme Court rejected Colbert's argument that the evidence was consistent with personal use, stating:

In the first place, nothing in the record suggests that the defendant personally used marijuana. Second, the quantity involved is not necessarily indicative of a lack of intent to distribute; indeed, the jury might well have inferred that the quantity seized was what remained from a larger supply held for distribution. Third, the method of packaging does indicate an intent to distribute; . . . Finally, considering the foregoing matters along with the testimony concerning money found "stuffed down" in the defendant's pocket, the jury reasonably could have concluded that the defendant had consummated numerous sales of marijuana at the rock concert.

*Colbert*, 219 Va. at 4, 244 S.E.2d at 749.

In *Hambury*, the evidence before the court included statements by the defendant that he owned the marijuana and gave it to his friends and relatives in return for money. Thus, the court concluded that this evidence, along with the manner in which the marijuana was packaged and the presence of paraphernalia used in the packaging process, was sufficient to sustain a conviction for possession with the intent to distribute, although only two ounces of marijuana were actually seized. 3 Va. App. at 438, 350 S.E.2d at 525; *see also State v. Cartier*, 133 N.H. 217, 221-22, 575 A.2d 347, 349-50 (1990) ("Not only could the [approximately four grams of cocaine and more than two grams of marijuana] shown in this case have been the residue of a larger supply, but the other evidence of commercial activity convincingly indicated the possessor's intent to distribute").

We are also not persuaded by the decisions of other jurisdictions to the contrary. *See, e.g., United States v. Campbell*, 732 F.2d 1017, 1020 (1st Cir. 1984) (The defendant's conviction for possession with intent to distribute was affirmed because a reasonable jury could conclude from the evidence "that the defendant was conducting an ongoing business, and that more substantial amounts of cocaine had been present within a reasonable time of the discovery," in view of the amount of paraphernalia discovered which still contained residue); *Commonwealth v. LaPerle*, 19 Mass. App. 424, 429, 475 N.E.2d 81, 84-85, *appeal denied*, 394 Mass. 1104, 478 N.E.2d 1274 (1985) (The defendant's conviction for possession with the intent to distribute cocaine was affirmed because the existence of cocaine residue on several items associated with cocaine use or distribution including scales, cutting powder far in excess of the amount needed to cut the residue, and two packages of wrapping papers was sufficient to permit the inference "that a merchantable amount of cocaine had previously been present, and that [the defendant] had intended to distribute it"); *State v. Simpson*, 275 S.C. 426, 272 S.E.2d 431 (1980), *cert. denied*, 451 U.S. 911 (1981) (Evidence that defendant had constructive possession of residue recovered from the seized airplane along with circumstantial evidence that the plane had been used in a drug smuggling operation was sufficient to sustain his conviction for possession with intent to distribute marijuana). We find that these decisions permit the trier of fact to convict a defendant

solely on the speculation that because the defendant possessed paraphernalia and residue at the time of arrest, he necessarily held a larger quantity for distribution within a reasonable time of the arrest and in close proximity to the arrest. We do not believe that this is a reasonable inference from the evidence presented.

For the reasons stated, the judgment of the trial court is reversed and this cause is remanded to the trial court for a new trial for possession of cocaine if the Commonwealth be so advised.

*Reversed and remanded.*

Koontz, C.J., Barrow, J., Benton, J., Duff, J., Moon, J., and Willis, J., concurred.

Coleman, J., with whom Cole, J.* joins, dissenting.

I disagree with the majority's conclusion that the evidence was insufficient to prove that Paul Daniel Stanley, Jr., possessed cocaine with an intent to distribute it. Accordingly, I dissent.

Paul Daniel Stanley, Jr., and a companion were stopped and searched incident to a lawful arrest after the officers observed the two emerge from an apartment complex and enter the car. From the small travel bag which Stanley had been carrying, the officers found account papers and ledgers containing quantity and money figures consistent with records for the distribution and sale of cocaine. They also found several envelopes labeled "Cocaine Distribution Company" or "Cocaine Importing Company of Miami, Florida," glassine type bags and cut twist ties, Inositol powder, caps from hypodermic needles, and a triple beam balance scale and a plastic straw, both of which contained cocaine residue. From Stanley's companion, the officers seized a film canister which contained a substance that appeared to be cocaine. In my view, this evidence is sufficient to prove that Stanley possessed cocaine with an intent to distribute cocaine.

To establish that Stanley violated Code § 18.2-248, the Commonwealth must prove beyond a reasonable doubt that (1) he possessed cocaine, and (2) he intended to distribute cocaine. I agree with the majority that the "intent to distribute" must be contem-

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01

poraneous with the possession. However, in my view, the Commonwealth satisfies its burden by proving possession of a controlled substance and by proving that the accused had the intent to distribute that substance, even though he was not then in possession of a distributable amount. In other words, the Commonwealth can meet its burden by proving that at the time an accused possessed a residue or modicum of a controlled drug, he or she at the same time intended to distribute the drug. In my view, this view of our statutes is compelled by the decision of our Supreme Court in *Robbs v. Commonwealth*, 211 Va. 153, 154, 176 S.E.2d 429, 430 (1970), where the Court rejected the argument that a "usable" amount of drugs must be present to sustain a conviction for simple possession of a controlled substance. *Robbs* makes clear that in order to prove the element of possession, it is only necessary for the Commonwealth to prove that an individual possessed a "modicum" or trace amount of drugs. *Id.* at 154-55, 176 S.E.2d at 430. The element that distinguishes a charge of simple possession from the more serious offense of possession with intent to distribute is the element of the intent with which the drugs are possessed. I believe that this construction of the statute is necessary to fully carry out the intent of the legislature to distinguish between those who possess drugs for personal use and those who possess drugs as dealers or distributors. Regardless of the amount of the drugs possessed, if a person possesses drugs as a seller or a distributor, the legislature intended by Code § 18.2-248 that the person be punished more severely.

An intent to distribute drugs, regardless of the amount possessed, may be inferred from the surrounding circumstances. The Supreme Court repeatedly has held that quantity is just one factor to be considered along with all other circumstances in determining whether the possession is with an intent to distribute. *Adkins v. Commonwealth*, 217 Va. 437, 439-40, 229 S.E.2d 869, 871 (1976). While a small quantity usually implies possession for personal use, *Monroe v. Commonwealth*, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987), it may, when considered along with the other circumstances, support a finding that the drugs are for distribution or are the remainder of a larger supply which has been distributed, destroyed, secreted or held elsewhere for distribution. *See Colbert v. Commonwealth*, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978). Indeed, where the facts support a finding that a defendant has recently consummated a sale or a distribution, that circum-

stance may support the inference that the person in possession has an intent to distribute drugs. *Id.*; *Dutton v. Commonwealth*, 220 Va. 762, 765, 263 S.E.2d 52, 54 (1980); *Hambury v. Commonwealth*, 3 Va. App. 435, 438, 350 S.E.2d 524, 525 (1986).

Thus, I do not believe that our statute requires proof that the intent to distribute necessarily relate to a distributable amount of the drug possessed, so long as the Commonwealth proves the accused harbors a present intent to distribute drugs and is in possession of some discernible amount. The Supreme Court made clear in *Robbs* that proof of an amount necessary for personal use is not required. Code § 18.2-248 "is intended to curtail the sale of illicit drugs as a commercial enterprise." *Bentley v. Cox*, 508 F. Supp. 870, 873 (E.D. Va. 1981). It does not define the offense based upon the amount of drugs possessed. Thus, in my view, a person who knowingly possesses a trace amount of a controlled substance, even a residue found upon drug paraphernalia, and harbors a present intent to sell or distribute drugs, has violated the statute.

Even were I to accept the majority's view that the Commonwealth must prove that an accused once actually possessed an amount sufficient to be distributed, I would find that the circumstantial evidence in this case was sufficient to permit the fact finder to infer that the residue was but part of a larger supply Stanley recently had possessed with the intent to distribute. Based upon the various paraphernalia in Stanley's immediate possession and records of drug transactions which he maintained and had with him, the discernible amount which he possessed under these circumstances supports the inference that Stanley had recently been in possession of a larger amount of cocaine for distribution. *See Commonwealth v. LaPerle*, 19 Mass. App. 424, 429, 475 N.E.2d 81, 84-85, *appeal denied*, 394 Mass. 1104, 478 N.E.2d 1274 (1985); *United States v. Campbell*, 732 F.2d 1017, 1020 (1st Cir. 1984).

The majority further holds that "no evidence was presented as to when or where the supply had been either possessed or distributed." Thus, according to the majority, even if the circumstantial evidence supported an inference that Stanley had recently possessed a distributable amount, the evidence failed to establish when or in what jurisdiction the crime occurred. The Supreme Court of South Carolina addressed and rejected this same contention in *State v. Simpson*, 275 S.C. 426, 272 S.E.2d 431 (1980), *cert. denied*, 451 U.S. 911 (1981). The majority adopts the identi-

cal reasoning expressed by Justice Gregory in his dissent in *Simpson*, wherein he stated that, even if the circumstantial evidence proved possession of a distributable amount, it failed to establish when or where. *Id.* at 532-33, 272 S.E.2d at 432. I would adopt the majority view expressed in *Simpson* that possession of a trace amount of drugs, together with paraphernalia for distribution, justifies the inference by the fact finder of recent possession within the jurisdiction of a distributable amount with the intent to distribute.

I do not find the majority's reasoning or Justice Gregory's dissent to be persuasive or based on sound precedent. In my view, possession by Stanley of the drug paraphernalia, with records, in the company of a companion who also possessed cocaine, was sufficient for the fact finder to infer that possession of a distributable amount was recent and occurred in the same jurisdiction where Stanley possessed the drug paraphernalia, records and the drug residue. In fact, seven years later, Justice Gregory, writing for the majority in *State v. Adams*, 291 S.C. 132, 352 S.E.2d 483 (1987), cited with approval the majority holding in *Simpson* and stated: "Conviction of possession with intent to distribute does not hinge upon the amount involved . . . . Viewed in the light most favorable to the State, the evidence of the various drug paraphernalia and *the residue of controlled substances* was sufficient to submit the case to the jury." *Id.* at 134, 352 S.E.2d at 483 (emphasis added).

In my view, the holding of the majority unduly restricts the use and value of circumstantial evidence and the permissible inferences which the fact finder may draw from such circumstances. Rarely are perpetrators of crimes apprehended "red-handed" during the commission of an offense. After a crime has been committed, proof of it generally depends upon circumstantial evidence. Proof of where and when an offense occurred are elements which may be proven by circumstantial evidence. The fact that certain aspects or elements of the offense occurred at a certain location may be sufficient, where other circumstances so indicate, to permit the fact finder to conclude that the offense was of recent vintage and occurred where the remnants of the offense were found.

We do not interpret statutes based on our view of how the Commonwealth may seek to prove the elements of its case. In my view, however, the holding today imposes a nearly insurmountable bur-

den of proof to establish that a distributable amount of drugs was possessed at a particular location. Frequently, drug dealers are apprehended with only a residue of drugs in their possession but under circumstances where, as here, it is clear that they recently have sold, distributed, destroyed, or "flushed" a distributable amount of the drug. In these circumstances, given the proper evidence, a conviction for possession of a drug with intent to distribute should be possible.