COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


MICHAEL SUMMERS, S/K/A
 MICHAEL SCOTT SUMMERS
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 0166-97-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        JUNE 2, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                      Porter R. Graves, Jr., Judge

          Danita S. Alt for appellant.

          Ruth Ann Morken, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     Michael Scott Summers (appellant) was convicted in a jury

trial of possession with the intent to distribute methamphetamine

in violation of Code § 18.2-248.  On appeal he contends the

evidence was insufficient to prove either possession or the

intent to distribute.  Finding no error, we affirm the

conviction.

                              I.

     Taken in the light most favorable to the Commonwealth, the

evidence adduced at trial established that on April 30, 1995,

Officer Rob Greer stopped a pickup truck for erratic driving at

the intersection of Routes 42 and 257 in Rockingham County.

Greer smelled the odor of alcohol in the truck and asked the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

driver, Melody Ann Whitmer, to come to his vehicle. Tina Shifflett, who was Whitmer's sister and a passenger, remained in her seat in the center of the vehicle. Appellant, also a passenger and the owner of the truck, remained in his seat on the right side of the vehicle. Officer Greer asked Whitmer if she had been drinking, and she admitted having had four or five beers. She further stated that she had smoked a joint of marijuana earlier. Greer left Whitmer in the police car, returned to the truck, and obtained appellant's consent to search it.

The police found the following items in the truck: (1) a grocery bag wrapped around six plastic sandwich bags of marijuana under the driver's seat; (2) two plastic sandwich bag corners containing methamphetamine and tied shut with twist ties tucked between a package of Marlboro cigarettes and the outside lining of the package on the passenger side of the floor; (3) a plastic bag of marijuana on the floor beside the cigarette package; (4) three individually wrapped sandwich bag corners of methamphetamine in Whitmer's wallet near the gearshift; (5) a blue Crown Vic Royal bag containing two smoking devices near the wallet; (6) empty plastic sandwich bags with the corners cut off; a plastic bag that contained a cut corner of a plastic bag and small twist ties; (7) a pager; and (8) address and phone books. During a pat-down search, Greer recovered $165 in small bills from appellant. He asked appellant what he did for a living, and

appellant replied that he was unemployed.  Appellant was arrested and charged with possession with the intent to distribute methamphetamine.

At trial, Whitmer testified that the drugs found in her wallet were not hers.  She further testified that earlier in the evening appellant had supplied her with "methamphetamine [that] was in a cut off baggie."  At the close of the Commonwealth's case, appellant moved to strike the evidence as insufficient to support a conviction on the grounds that at least one-third of the drugs were in Whitmer's wallet and there was no proof that the drugs were not for personal use.  The trial court denied appellant's motion to strike.  The jury convicted appellant of possession with the intent to distribute methamphetamine.  He was sentenced in accordance with the verdict to five years in prison and a $500 fine.

## II.

Appellant contends the Commonwealth failed to prove he possessed the methamphetamine.  He argues the only link between himself and the methamphetamine was that it was found in his truck and that this fact was insufficient to establish constructive possession.

"To sustain a conviction for possession of a controlled substance . . . the evidence must prove beyond a reasonable doubt that the accused was aware of the presence and character of the controlled substance."  Jones v. Commonwealth, 17 Va. App. 572,

3

574, 439 S.E.2d 863, 864 (1994). "Ownership of a vehicle where drugs are found and mere proximity to the drugs . . . are insufficient alone to prove possession." Scruggs v. Commonwealth, 19 Va. App. 58, 61, 448 S.E.2d 663, 665 (1994). However,

> "[o]wnership or occupancy of a vehicle . . . where illicit drugs are found is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the vehicle . . . in order to prove that the owner or occupant constructively possessed the contraband. Furthermore, proof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant of . . . a vehicle, the person necessarily knows of the presence, nature and character of a substance that is found there."

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 369 (1994) (citing Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992)).

When the sufficiency of the evidence is challenged on appeal, "'we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom.'" Phillips v. Commonwealth, 25 Va. App. 144, 155, 487 S.E.2d 235, 240-41 (1997) (citation omitted). The evidence in the instant case proved that the police found two cut-corner baggies of methamphetamine in the Marlboro cigarette package on the floor of the truck near where appellant had been sitting. Shifflett and Whitmer testified that

4

they smoked other brands of cigarettes. They also testified that appellant smoked Marlboros and that he had purchased some earlier that evening. From this testimony, the jury could conclude beyond a reasonable doubt that the package of Marlboros and the drugs tucked inside the wrapper belonged to appellant.

Additionally, despite appellant's attempt to impeach Whitmer as a codefendant, it was within the jury's province as finder of fact to credit her testimony that appellant had supplied methamphetamine to her earlier in the evening. See Marshall v. Commonwealth, 26 Va. App. 627, 633, 496 S.E.2d 120, 123 (1998). In light of appellant's ownership of the vehicle, his position in proximity to the drugs, the evidence that he owned the package of Marlboros, and the testimony that he had given Whitmer drugs that evening, we hold that the evidence was sufficient to prove beyond a reasonable doubt that appellant possessed methamphetamine.

III.

Appellant further contends the trial court erred in failing to strike the evidence regarding the intent to distribute. He argues that the small amount of drugs recovered was consistent with personal use and the evidence of intent to distribute was highly speculative. We disagree.

"'Because direct proof of [the] intent [to distribute] is often impossible, it must be shown by circumstantial evidence.'" Shears v. Commonwealth, 23 Va. App. 394, 402, 477 S.E.2d 309, 313 (1996) (quoting Servis v. Commonwealth, 6 Va. App. 507, 524,

5

371 S.E.2d 156, 165 (1988)). "The quantity of the controlled substance is one factor to be considered. A small quantity of drugs, along with other circumstances, may support a conviction of possession with intent to distribute." Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 925 (1991). Accord Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 14-15 (1991) ("a conviction for possession with the intent to distribute may be upheld even though the quantity of drugs seized is consistent with personal use"). "Indeed, where the facts support a finding that a defendant has recently consummated a sale or a distribution, that circumstance may support the inference that the person in possession has an intent to distribute drugs." Id. at 873-74, 407 S.E.2d at 17.

Whitmer testified that earlier that evening appellant had cut bags of methamphetamine in his pocket and distributed them to her and her sister. She identified the packages taken from the truck to be identical to the ones appellant possessed. Moreover, each of the two cut-corner baggies in the Marlboro package that was found under appellant's seat in the truck contained approximately 0.70 grams of methamphetamine and was tied with a cut-length twist tie. The officers also found empty baggies with the corners cut off, cut-corner baggies, and twist ties. Although the Commonwealth's expert admitted that the amount of drugs was consistent with personal use, he stated that "people that buy for personal use don't necessarily repackage their own

6

personal use supply."  The expert testified that the presence of the items such as twist ties and cut corners of baggies was not consistent with personal use.  This circumstantial evidence of an intent to distribute that flows from the packages, combined with Whitmer's direct testimony that appellant supplied her with methamphetamine on the night in question, was sufficient to prove beyond a reasonable doubt that appellant had the intent to distribute the methamphetamine in his possession.

For the foregoing reasons, the conviction is affirmed.

<u>Affirmed.</u>