COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Coleman
Argued at Richmond, Virginia


ALONZO CLAIBORNE
                                    MEMORANDUM OPINION* BY
v.    Record No. 0279-01-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      FEBRUARY 19, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

           John B. Mann (Levit, Mann & Halligan, on
           briefs), for appellant.

           Richard B. Smith, Senior Assistant Attorney
           General (Randolph A. Beales, Attorney
           General, on brief), for appellee.


     Alonzo Claiborne (appellant) was convicted in a bench trial

of possession with intent to distribute cocaine, in violation of

Code § 18.2-248.[1]  On appeal, he contends (1) the trial court

erred in denying his motion to suppress the evidence obtained in

violation of his Fourth Amendment rights, and (2) the evidence

is insufficient to prove he intended to distribute the cocaine.

For the following reasons, we reverse appellant's conviction of

---

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

          [1] Code § 18.2-248 provides in pertinent part:  "[I]t shall
be unlawful for any person to manufacture, sell, give,
distribute, or possess with intent to manufacture, sell, give or
distribute a controlled substance."

possession with intent to distribute cocaine and remand for resentencing on the lesser-included offense of possession of cocaine pursuant to Code § 18.2-250.

## I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).  The trial court's judgment will not be set aside unless plainly wrong or without evidence to support it.  See Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).

So viewed, the evidence established that Officer Fred Bates (Bates), working undercover on another assignment, observed a group of men loitering in the parking lot of a Texaco service station.  Bates and other officers approached the men and spoke with several of them.  Bates stated he

> just started a conversation [with appellant], hey, buddy can I talk to you? He stopped.  We started talking.  During the conversation I asked him do you have any drugs or weapons on you?  He said no.  I asked if I could look in his pockets.  He said no problem.  Well, he said sure, whatever.  I don't know.  He agreed.

During the search, Bates found a "little ball" of what he believed to be crack cocaine in appellant's pocket.  Appellant

-

struggled with Bates, and the "little ball" of crack cocaine disappeared.

After appellant was returned to the police car and placed inside, Bates stepped on a vial containing crack cocaine under a 7-11 napkin in the parking lot. Bates also found 7-11 napkins in appellant's pocket. A search of appellant produced only a "crumb" of cocaine in his pocket, $115 in cash and a cell phone.

Appellant denied that he consented to Bates' search of his pockets or threw any drugs on the ground. The trial court denied appellant's motion to suppress the cocaine seized finding that appellant's initial encounter with Bates was consensual in nature and, thus, implicated no Fourth Amendment rights. At trial, the court agreed that no evidence proved that appellant possessed the vial of cocaine found under the napkin in the parking lot. However, it found that the cocaine residue in appellant's pocket combined with $115 in cash and a cell phone were sufficient to establish that he possessed cocaine with the intent to distribute.

## II. MOTION TO SUPPRESS

"In reviewing a trial court's denial of a motion to suppress, the burden is upon [the defendant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error." McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted). "In performing such analysis, we

-

are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 198, 487 S.E.2d at 261 (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). "Evidence adduced at both the trial and suppression hearing" is included in this Court's review of the record. Greene v. Commonwealth, 17 Va. App. 606, 607, 440 S.E.2d 138, 139 (1994). However, "'[u]ltimate questions of reasonable suspicion and probable cause . . . are reviewed de novo on appeal.'" McGee, 25 Va. App. at 197, 487 S.E.2d at 261 (quoting Ornelas, 517 U.S. at 691). Similarly, we review de novo whether a seizure occurred. See id. at 198, 487 S.E.2d at 261.

In Iglesias v. Commonwealth, 7 Va. App. 93, 372 S.E.2d 170 (1988), we categorized police-citizen encounters as follows:

> First, there are communications between police officers and citizens that are consensual and, therefore, do not implicate the fourth amendment. Second, there are brief investigatory stops which must be based on specific and articulable facts which, taken together with rational inferences from these facts, reasonably warrant a limited intrusion. Third, there are highly intrusive, full-scale arrests which must be based on probable cause.

Id. at 99, 372 S.E.2d at 174 (citations omitted).

-

In Garrison v. Commonwealth, 36 Va. App. 298, 549 S.E.2d 634 (2001), this Court defined the first category, a consensual encounter, the type at issue here, as:

> [An] encounter [that] exists when "a reasonable person would feel free to disregard the police and go about his business."  "Such encounters 'need not be predicated on any suspicion of the person's involvement in wrongdoing,' and remain consensual 'as long as the citizen voluntarily cooperates with the police.'"

Id. at 306, 549 S.E.2d at 638 (citations omitted).

In the instant case, credible evidence supports the trial court's finding that the encounter between appellant and Bates was consensual.  "[T]he trial court, acting as fact finder, must evaluate the credibility of the witnesses [and] resolve the conflicts in their testimony . . . ."  Witt v. Commonwealth, 215 Va. 670, 674, 212 S.E.2d 293, 297 (1975).  The trial court resolved the factual dispute in favor of the Commonwealth, and we are bound by its "findings of historical fact."  See McGee, 25 Va. App. at 198, 487 S.E.2d at 261.  Bates asked appellant if he could speak with him and search his pockets.  Appellant said "no problem," and agreed to the search.  Appellant walked to the officers' car and began to empty his pockets.  The officers used no force or threats that would have led a reasonable person to believe he was not free to leave.  Additionally, the fact that the police asked for appellant's identification did not turn

-

this consensual encounter into a detention.  See McCain v. Commonwealth, 261 Va. 483, 545 S.E.2d 541 (2001).

Because the initial stop in this case was consensual, it required no reasonable articulable suspicion.  When Bates found the "little ball" of what he believed to be crack cocaine in appellant's pocket, and appellant attempted to run, the nature of the encounter became non-consensual.  See Buck v. Commonwealth, 20 Va. App. 298, 303, 456 S.E.2d 534, 536 (1995) (flight may give rise to reasonable suspicion of criminal activity); Illinois v. Wardlow, 528 U.S. 119, 124-25 (2000) (flight is the "consummate act of evasion" and is suggestive of wrongdoing).  At that point, Bates had probable cause to arrest appellant and conduct the search of his person that revealed the residue in his pocket, $115 cash and a cell phone.

We hold that trial court did not err in refusing to suppress the cocaine residue, cash and cell phone found in the search of appellant.

II.  SUFFICIENCY OF THE EVIDENCE/INTENT TO DISTRIBUTE

Appellant next contends that, assuming the cocaine residue found in his pocket was discovered as a result of a proper search, the evidence did not establish that he intended to distribute it.  We agree.

-

This case is controlled by our decision in <u>Stanley v.</u>

<u>Commonwealth</u>, 12 Va. App. 867, 407 S.E.2d 13 (1991) (<u>en</u> <u>banc</u>).[2]

> The question before us . . . is whether an individual actually possessing only a residue of a controlled substance may be convicted of possession of that controlled substance with the intent to distribute. Possession with intent to distribute is a crime which requires an act coupled with specific intent. We hold that for a defendant to be convicted of possession of a controlled substance with the intent to distribute, the Commonwealth must prove that the defendant possessed the controlled substance contemporaneously with his intent to distribute that substance.

<u>Id.</u> at 869, 407 S.E.2d at 15.

In the instant case, the evidence fails to prove that appellant intended to distribute the cocaine residue found in his pocket. The trial court specifically found that the evidence failed to prove that the appellant possessed the cocaine found in the napkin in the parking lot. Like the appellant in <u>Stanley</u>, no evidence established that the quantity of residue he possessed could be distributed. Thus, to prove the intent to distribute, the other case facts must show the requisite indicia of intent to distribute. While we agree that possession of a large amount of cash while in possession of drugs may be an indicia of sale, neither the small amount of money, $115, nor the possession of a cell phone provides the

---

[2] The Commonwealth concedes that the decision in <u>Stanley</u>, 12 Va. App. 867, 407 S.E.2d 13, controls the decision in this case.

-

nexus in this case.  See Servis v. Commonwealth, 6 Va. App. 507, 371 S.E.2d 156 (1988) (over $9,000 packaged with bank bands in thousand dollar increments of fifty and one hundred dollar bills, properly considered in determining intent to distribute). Thus, the trial court erred in finding the evidence sufficient to prove that appellant intended to distribute the residue found in his pocket.

For the foregoing reasons, we reverse appellant's conviction of possession with intent to distribute cocaine and remand for entry of an order finding the appellant guilty of possession of cocaine pursuant to Code § 18.2-250 and for resentencing on the lesser-included offense.

Reversed and remanded.

-