COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Chafin and Decker
Argued at Bristol, Virginia

DUSTIN CROSBY KINCAID

v.        Record No. 1623-15-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
JULY 26, 2016

FROM THE CIRCUIT COURT OF BATH COUNTY
Humes J. Franklin, Jr., Judge

(Steve A. Baker; The Baker Law Firm, P.C., on brief), for appellant.
Appellant submitting on brief.

(Mark R. Herring, Attorney General; Elizabeth Kiernan Fitzgerald,
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.

Dustin Crosby Kincaid ("Kincaid") appeals his conviction from the Circuit Court for

Bath County (the "circuit court") for possession with intent to distribute methamphetamine in

violation of Code § 18.2-248(C).[1]  In support of his appeal, Kincaid argues that pursuant to

Stanley v. Commonwealth, 12 Va. App. 867, 869-70, 407 S.E.2d 13, 14-15 (1991), the evidence

was insufficient to sustain his conviction.  Kincaid also filed a motion with this Court to set

post-conviction bail on June 3, 2016.

When the sufficiency of the evidence is challenged on appeal, "[t]his Court 'must

examine the evidence that supports the conviction and allow the conviction to stand unless it is

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Kincaid was also convicted of possession of morphine in violation of Code
§ 18.2-250(A) and sentenced to a $2,500 fine.  However, this conviction is not at issue in this
appeal.

UNPUBLISHED

plainly wrong or without evidence to support it.'" Commonwealth v. McNeal, 282 Va. 16, 20,

710 S.E.2d 733, 735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d

137, 139-40 (2008)). The relevant inquiry is whether "any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt." Kelly v. Commonwealth, 41

Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S.

307, 319 (1979)). This Court's deference to the fact finder "applies not only to findings of fact,

but also to any reasonable and justified inferences the fact-finder may have drawn from the facts

proved." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63-64 (2010).

Both Kincaid and the Commonwealth agree that this Court's decision in Stanley is

controlling on the outcome of this case.[2] In Stanley, a case with materially similar facts, we

held:

> The question before us, however, is whether an individual actually possessing only a residue of a controlled substance may be convicted of possession of that controlled substance with the intent to distribute. Possession with intent to distribute is a crime which requires "an act coupled with a specific intent." We hold that for a defendant to be convicted of possession of a controlled substance with the intent to distribute, the Commonwealth must prove that the defendant possessed the controlled substance contemporaneously with his intention to distribute that substance.
>
> In the case before us, no evidence was presented to support an inference that Stanley intended to distribute the residue found in his possession. To the contrary, the quantity of residue found in Stanley's possession was too small to be distributed. Assuming that the trier of fact could infer from the evidence introduced at trial that Stanley had in the past distributed cocaine, there was no basis on which the trier of fact could infer that the residue introduced at trial was part of that larger supply. Moreover, no evidence was presented as to when or where the supply had been either possessed or distributed. Because we find that the Commonwealth failed to prove contemporaneous possession and intent to distribute, Stanley's conviction must be reversed.

---

[2] However, we are not bound by concessions of law by the parties. See Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006).

12 Va. App. at 869-70, 407 S.E.2d at 15 (internal citation omitted). We specifically rejected the notion that possession of mere residue and the presence of paraphernalia were sufficient to prove a defendant possessed the controlled substance contemporaneously with his intention to distribute that substance. Id. Similar to the facts in Stanley, the only evidence of methamphetamine presented at Kincaid's trial was the residue recovered from the glass pipe. Sheriff Plecker testified that the residue was not the "type or amount of drugs that is usually bought and sold." Consistent with our reasoning in Stanley, we hold that mere residue of methamphetamine is insufficient to prove that Kincaid possessed methamphetamine contemporaneously with an intent to distribute the controlled substance and therefore reverse Kincaid's conviction under Code § 18.2-248(C).

Holding that Kincaid's conviction should be reversed, we must determine the appropriate remedy.

> When an appellant successfully challenges the sufficiency of the evidence on some (but not all) aspects of his conviction, we must determine if the proven elements of the original charge qualify as a lesser-included offense. If so, the appropriate remedy on appeal is a reversal of the conviction on the greater charge and a remand of the lesser charge for retrial -- assuming the Commonwealth, in its prosecutorial discretion, chooses to go forward on the lesser charge.

Crowder v. Commonwealth, 41 Va. App. 658, 666, 588 S.E.2d 384, 388 (2003). "[T]he offense of possessing a controlled substance as proscribed by Code § 18.2-250 is a lesser-included offense of distribution of a controlled substance as proscribed by Code § 18.2-248." Austin v. Commonwealth, 33 Va. App. 124, 129, 531 S.E.2d 637, 639 (2000). "In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998).

The record in this case demonstrates that Kincaid was aware of both the presence and character of the methamphetamine recovered from the glass pipe. When asked by Sheriff Plecker if there was "anything illegal" in the vehicle, Kincaid responded that there "may be an old pipe in a green bag in the passenger's side front seat." Sheriff Plecker located the green duffel bag and retrieved a black case which contained a glass pipe. Kincaid never denied ownership of the pipe Sheriff Plecker recovered. A certificate of analysis was admitted at trial, without objection, and established that the substance recovered from the pipe was methamphetamine residue. Given that Kincaid specifically identified the glass pipe as an illegal item and never disclaimed ownership, we hold that the evidence was sufficient to support a conviction for possession of methamphetamine and therefore remand the case to the circuit court for a retrial on that offense if the Commonwealth is so advised. Our decision today renders moot Kincaid's motion for bond pending appeal. However, upon remand, the circuit court is also instructed to consider whether admission to bail is appropriate in light of this opinion.[3]

*Reversed and remanded.*

---

[3] Kincaid filed a motion with this Court to set post-conviction bail.