COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Athey and Fulton

DUSTIN DEON WALKER

MEMORANDUM OPINION[*]

v.        Record No. 1617-22-1

PER CURIAM
DECEMBER 5, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Tyneka L.D. Flythe, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; David A. Mick, Assistant
Attorney General, on brief), for appellee.

Dustin Deon Walker ("Walker") was convicted following a jury trial held in the Newport

News Circuit Court ("trial court") on one count of possession of cocaine with the intent to

distribute, second or subsequent offense, one count of possession of a firearm while simultaneously

possessing cocaine with intent to distribute, one count of possession of a firearm by a convicted

felon, and one count of carrying a concealed weapon, in violation of Code

§§ 18.2-248, -308.4, -308.2 and -308, respectively.  On appeal, Walker assigns error to the trial

court for finding that sufficient evidence existed to support his various convictions.  Walker also

claims that the trial court erred by failing to require the Commonwealth to prove a "nexus" between

the possession of a firearm and possession of cocaine with intent to distribute charges.  After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

As a consequence, we affirm the trial court.

## I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial."  *Blackwell v. Commonwealth*, 73 Va. App. 30, 40 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  Therefore, "we discard any of [Walker]'s conflicting evidence, regard as true all credible evidence favorable to the Commonwealth, and grant the Commonwealth all inferences that reasonably may be drawn from that evidence."  *Id.*

At approximately 2:30 a.m. on January 16, 2020, Newport News Police Officer Norman Gray ("Officer Gray") was on patrol in the 900 block of J. Clyde Morris Boulevard when he noticed a vehicle, occupied by two people, parked in front of the Host Inn—an area known for prostitution and "drug issues."  Officer Gray approached the passenger side of the vehicle and, through the open car window, spoke with the driver, later identified as Walker, and his female passenger, Victoria Libell ("Libell").  Officer Gray obtained Walker's driver's license and Libell's social security number to confirm their identities.

Appearing nervous, Libell exited the vehicle and spoke privately with Officer Gray.  Based on the conversation with Libell, Officer Gray next approached the driver's side of Walker's car, noticing that Walker had a hoodie in his lap.  When Officer Gray asked Walker to exit the vehicle, he did so only after placing the hoodie on the passenger seat.  Officer Gray then notified Walker of his *Miranda*[1] rights before placing him under arrest.  Walker then agreed to speak with Officer Gray before admitting that he owned the hoodie.  Officer Gray then also verified that Walker was the car's registered owner, he searched the car, and subsequently recovered the hoodie from the

_____

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

- 2 -

passenger seat. Concealed within the hoodie was a loaded black Taurus firearm, a substance the officer suspected was cocaine, a black digital scale, and Ziploc baggies. Officer Gray also recovered $7,176.62 in cash and two cell phones. He then searched Walker's person, incident to his arrest, and recovered additional cash exceeding $300 and a third cell phone.

Officer Desarae Locklear ("Officer Locklear"), who was also present when Officer Gray spoke privately with Libell turned on her bodycam and video recorded the interior of the vehicle while Walker was occupying the driver's seat. The bodycam footage reflected that while Officer Gray spoke privately with Libell outside of the vehicle, only two items were then lying on the passenger seat, Clorox wipes and Vaseline, but no hoodie.

At trial, the Commonwealth entered into evidence, without objection, a certificate of analysis confirming that the controlled substance recovered from the hoodie included more than 50 grams of "crack" cocaine base and more than 5 grams of cocaine. The Commonwealth also subsequently entered a certified copy of Walker's previous felony conviction for possession of cocaine with intent to distribute.

Both Officer Kayla Smith ("Officer Smith") and Detective Glenn Marshall ("Detective Marshall"), who had collected and analyzed evidence obtained from Walker following his arrest, also testified on behalf of the Commonwealth. Officer Smith, who served as the Department's NIBIN[2] technician, testified that she had conducted a firing test on the Taurus firearm found inside the hoodie and confirmed that the firearm was in operable condition and able to fire projectiles "by means of combustion." Detective Marshall, an expert in the use, packaging, and distribution of narcotics, explained to the jury that the amount of cocaine recovered from the hoodie would yield more than $5,000 in profit and that, in his expert opinion, the quantity of drugs, the firearm found with the drugs, the large amount of cash, and the absence of used drug baggies or personal devices

---

[2] NIBIN stands for National Integrated Ballistic Information Network.

used to consume cocaine indicated that the controlled substances found in Walker's car were intended for distribution not for personal use.

Walker then moved to strike, contending that the Commonwealth failed to prove that he constructively possessed either the drugs or firearm. He also asserted that the indictment for cocaine possession with intent to distribute while simultaneously in possession of a firearm should be struck because the evidence was insufficient in establishing a nexus between the firearm and his intent to sell the drugs. His assertions stemmed from his hypothesis of innocence—that Libell possessed the narcotics and the firearm instead of him. The trial court denied Walker's motion to strike, and the jury convicted Walker on all charges. Walker appealed.

## II. ANALYSIS

### A. *Standard of Review*

"In reviewing a challenge to the sufficiency of the evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Melick v. Commonwealth*, 69 Va. App. 122, 144 (2018) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). "In conducting our analysis, we are mindful that 'determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify.'" *Id.* (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "Thus, we will affirm the judgment of the trial

- 4 -

court unless that judgment is 'plainly wrong or without evidence to support it.'" *Id.* (quoting *Kelly*, 41 Va. App. at 257).

B. *There was sufficient evidence to convict Walker on all charges.*

Walker contends on appeal that the Commonwealth's evidence was insufficient to prove that he knowingly, constructively possessed either the firearm or the cocaine. We disagree.

"[I]t shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance." Code § 18.2-248(A). A second or subsequent offense of this section carries an enhanced penalty and is subject to imprisonment "for life or for any period not less than five years, three years of which shall be a mandatory minimum term of imprisonment to be served consecutively with any other sentence." Code § 18.2-248(C). "If any person carries about his person, hidden from common observation, (i) any pistol, revolver, or other weapon designed or intended to propel a missile of any kind by action of an explosion of any combustible material . . . he is guilty of a Class 1 misdemeanor." Code § 18.2-308. Additionally, it is a felony for "any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm." Code § 18.2-308.2. Finally, Code § 18.2-308.4 provides "[i]t shall be unlawful for any person to possess, use, or attempt to use any pistol, shotgun, rifle, or other firearm . . . while committing or attempting to commit . . . possession [of a controlled substance]." This prohibition applies when the possession, use, or attempt is "with the intent to manufacture, sell, or distribute a controlled substance classified in Schedule I or Schedule II of the Drug Control Act." Code § 18.2-308.4.

"To convict an individual of possession of a controlled substance, 'the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them.'" *Merritt v. Commonwealth*, 55 Va. App. 719, 733 (2010) (quoting *Castaneda v. Commonwealth*, 7 Va. App. 574, 583 (1989)). Such possession may

- 5 -

be actual or constructive, and constructive possession "can be shown by 'acts, statements, or conduct of the accused or other facts and circumstances which tend to show that [he] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" *Bagley v. Commonwealth*, 73 Va. App. 1, 27 (2021) (alteration in original) (quoting *Wilson v. Commonwealth*, 272 Va. 19, 27 (2006)).

> Furthermore, proof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant of property or of a vehicle, the person necessarily knows of the presence, nature and character of a substance that is found there.

*Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992).

"'Possession with intent to distribute is a crime which requires an act [of possession] coupled with a specific intent.' Because direct proof of intent is often impossible to produce, it may, and frequently must, be shown by circumstantial evidence." *Barlow v. Commonwealth*, 26 Va. App. 421, 429 (1998) (quoting *Stanley v. Commonwealth*, 12 Va. App. 867, 869 (1991) (en banc)). "[C]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000). "Circumstantial evidence probative of intent to distribute may include: quantity of drugs seized, packaging, presence of [an] unusual amount of cash, and drug paraphernalia or equipment related to distribution." *Pulley v. Commonwealth*, 74 Va. App. 104, 127 (2021). "Accordingly, the fact-finder may consider such factors as the quantity of the drugs seized and the presence of equipment or other items related to drug distribution." *Burrell v. Commonwealth*, 58 Va. App. 417, 434 (2011). "An expert witness may [also] use these factors to express an opinion on whether a defendant's possession of drugs was inconsistent with personal use." *Id.* "As with any case, the

fact-finder is entitled to make reasonable inferences from the evidence presented at trial to determine whether the defendant possessed drugs with the intent to distribute them." *Id.*

Finally, the evidence submitted by the Commonwealth to support a conviction must "'exclude every *reasonable* hypothesis of innocence' that flows from the evidence." *Thorne v. Commonwealth*, 66 Va. App. 248, 254 (2016) (emphasis added) (quoting *Dowden,* 260 Va. at 468). "For a hypothesis of innocence to be reasonable, it must flow from the evidence actually presented; it cannot spring forth from the imagination of an appellant or his counsel." *Jiddou v. Commonwealth*, 71 Va. App. 353, 369 (2019) (quoting *Butcher v. Commonwealth*, 69 Va. App. 406, 420 (2018)). "Merely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his [or her] innocence has not been excluded. What weight should be given evidence [remains] a matter for the [fact finder] to decide." *Thorne*, 66 Va. App. at 254 (alterations in original) (quoting *Miles v. Commonwealth*, 205 Va. 462, 467 (1964)). Furthermore, "[w]hether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 12-13 (1997)).

Here, both the direct and circumstantial evidence presented at trial was overwhelming and certainly sufficient to support the jury's verdict that Walker knowingly possessed both the firearm and the cocaine and further that he intended to distribute the cocaine. In support of its verdict, the jury heard testimony from Officer Gray that he witnessed Walker holding a hoodie in his lap, which Walker then placed on the passenger seat before exiting the car. The evidence further showed that this hoodie—which Walker admitted belonged to him—held a firearm, more than 50 grams of crack cocaine, 5.03 grams of powder cocaine, Ziploc baggies for packaging, and a scale. Also, bodycam footage recorded by Officer Locklear confirmed that the hoodie was not on the passenger seat

before Libell exited the vehicle. In addition, Officer Gray subsequently discovered more than $7,000 in cash and two cell phones in Walker's car. Detective Marshall also opined at trial that the quantity of cocaine, together with the cash, the scale, the cell phones, and the firearm were inconsistent with personal drug use and consistent with distribution. In further support of Detective Marshall's expert testimony, no paraphernalia or other items suggesting personal use were found inside the vehicle or on Walker's person. Detective Marshall also opined that drug dealers often possess firearms to protect their product and proceeds. Thus, viewing the evidence in its entirety with all reasonable inferences drawn therefrom, the evidence overwhelmingly supported the jury's determination that Walker was aware of both the presence and character of the firearm and the cocaine and that he intended to distribute the narcotics in his possession.

Although Walker did not confess and his DNA was not found on the gun, it was within the jury's discretion to weigh that evidence and decide that the countervailing evidence presented by the Commonwealth was more persuasive. Moreover, it was within the jury's discretion to disregard Walker's alternative hypothesis of innocence—that Libell possessed the narcotics and the firearm—and conclude instead that Walker's alternative hypothesis was simply self-serving testimony attempting to explain the presence of the firearm, the cash, the scale, the cell phones, and the narcotics found in *his* hoodie and in *his* car.

Hence, the evidence presented to the jury was sufficient to prove beyond a reasonable doubt that Walker, a convicted felon, possessed the cocaine with the intent to distribute it and that he intentionally and knowingly possessed the firearm, concealed about his person, while in possession of that cocaine with the intent to distribute the controlled drug. Thus, we decline to disturb the jury's verdict based on any alleged insufficiency of the evidence.

C. *The Commonwealth was also not required to prove a nexus between the possession with intent to distribute cocaine and the possession of a firearm.*

Walker also claims in his second assignment of error that because of *Wright v. Commonwealth*, 53 Va. App. 266, 282 (2009), the trial court erred by failing to require the Commonwealth to prove a "nexus" between his possession of the firearm and his intent to distribute the drugs. In *Wright* this Court held that such a nexus is required.[3] *Id.* However, on appeal, the Supreme Court of Virginia held that Code § 18.2-308.4(C) does not contain any language "that carries with it the requirement that the firearm is in some way being used in conjunction with the unlawful drug activity or to further such activity," and further concluded that "[i]n the absence of any statutory language supporting the requirement of a 'nexus' between the possession of the firearm and the illegal activity, we cannot impose such a requirement in prosecutions under this Code section." *Wright v. Commonwealth*, 278 Va. 754, 760-61 (2009). Hence, the Commonwealth was not required to prove a "nexus" between Walker's possession of a firearm and his intent to distribute the cocaine. Thus, we find no error in the trial court's refusing to dismiss the indictment for that reason.

III. CONCLUSION

For the foregoing reasons, we affirm Walker's convictions.

*Affirmed.*

---

[3] "[W]e hold that [Code § 18.2-308.4] subsection (C) requires proof of a nexus between the drug offense and the firearm possession." *Wright*, 53 Va. App. at 282. The Court of Appeals in *Wright* defined this "nexus" as "proof that possession of the firearm somehow furthers, advances, or helps the defendant to commit the offense of possessing a controlled substance with an intent to distribute it." *Id.*